# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DANIEL E. ADAMS

        Petitioner,

v.                                                         CIV 97-1017 JP/KBM

TIM LeMASTER, WARDEN, ET AL.,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court *sua sponte* following remand from the United States Court of Appeal for the Tenth Circuit for a determination of whether the prison "mailbox rule" announced in *Houston v. Lack,* 487 U.S. 266 (1988) is applied by the New Mexico courts with regard to state habeas petitions.  *See* Doc. 26, p. 6.

This case involves a 1987 state conviction.  Immediately following the conviction, petitioner appealed and then later filed a state habeas petition, both of which were heard and denied in 1988.  Petitioner did not pursue the matter further either in the state courts or federal courts.

In February 1997, upon learning of the Anti-Terrorism Effective Death Penalty Act, Petitioner wrote the Habeas Corpus Rule Change Project seeking advice because he thought he was running out for him to have a "last chance for relief."  *See* Doc. # 21 (attached letters from Petitioner dated 2/17/97 and 2/27/97).  Not only was he was counseled to start on his state habeas petitioner and to "properly file it" in order to toll the new federal habeas deadlines, but he was

also counseled that "to be safe [we recommend] that you get your state **AND** federal petitions in before April 23, 1997." *Id.* (letter from Director of Habeas Corpus Rule Change Project dated 2/27/97) (emphasis original).

For the purposes of this analysis, the Court assumes that, as alleged, Petitioner mailed his second state habeas petition on April 12, 1997, it was received by the state court on April 16, 1997, and it was filed on April 22, 1997. *See* Doc. # 21; Doc. # 26, p. 2. For the purposes of this action, tolling as a result of the second state habeas petition ended on July 21, 1997, the date when certiorari was denied. Doc. # 26, p. 5. For the purposes of this analysis, the Court assumes that, as alleged, Petitioner mailed his federal habeas petition on July 30, 1997 and it was both received and filed by this Court on August 1, 1997. *See* Doc. # 26, pp. 4, 6; Doc. # 1.

If the New Mexico courts apply the mailbox rule to prisoner state habeas filings, then April 12, 1997 is the applicable date from which to calculate and Petitioner had 11 days from July 21, 1997, or until August 1, 1997, to mail his federal habeas petition for filing. Doc. # 26, p. 6; *See Conner v. LeMaster,* 1999 WL 76883 (10th Cir. Feb. 18, 1999) (attached) (the Tenth Circuit applies the mailbox rule to federal habeas petitions). However, upon a review of state rules and cases, this Court is unable to find any indication that the New Mexico courts apply the mailbox rule to prisoner filings of any sort. The Tenth Circuit made a similar observation in a recent unpublished decision. *Conner, supra* ("we have no indication that the New Mexico Supreme Court has adopted a 'mailbox rule' for inmate certiorari petitions").

For the sake of argument only, the Court will assume the New Mexico state court considered the state habeas petition properly "filed" upon receipt on April 16, 1997 (as opposed to April 22, 1997, when it was in fact filed). But that does not render Petitioner's federal petition

timely, either. If April 16, 1997 is the applicable date from which to calculate, then Petitioner had 7 days from July 21, 1997, or until July 28, 1997, to mail his federal habeas petition for filing. The record reflects that he mailed it on July 30, 1997.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1. The District Judge find that the New Mexico courts do not apply the "mailbox" rule to the filing of state habeas petitions; and

2. This petition be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

Copr. © West 1999 No Claim to Orig. U.S. Govt. Works

172 F.3d 878 (Table)
1999 CJ C.A.R. 854
**Unpublished Disposition**
**(Cite as: 172 F.3d 878, 1999 WL 76883 (10th Cir.(N.M.)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the publication and citation of unpublished opinions.)

**Perry Lee CONNER, Petitioner--Appellant,**
**v.**
**Tim LEMASTER, Warden; Attorney General for the State of New Mexico, Respondents--Appellees.**

**No. 98-2112.**

United States Court of Appeals, Tenth Circuit.

Feb. 18, 1999.

Before ANDERSON, KELLY, and BRISCOE, Circuit Judges. [FN**]

FN** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1(G). The cause is therefore ordered submitted without oral argument.

ORDER AND JUDGMENT [FN*]

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

KELLY.

**\*\*1** Mr. Conner, an inmate appearing pro se and in forma pauperis, seeks to appeal from the district court's adoption, over his objection, of the proposed findings and recommendations of the magistrate judge. The district court dismissed Mr. Conner's habeas action with prejudice, on the grounds that it was untimely by one day, and also on the merits concluding that Mr. Conner had not established that his plea was involuntary or that it was the product of ineffective assistance of counsel.

For different reasons than the district court, we conclude that Mr. Conner's federal habeas petition was untimely under the one-year limitation provision in 28 U.S.C. § 2244(d)(1) as extended by United States v. Simmonds, 111 F.3d 737, 745-46 (10th Cir.1997) (extending period to April 24, 1997), when the tolling provision for time

spent pursuing state postconviction relief, 28 U.S.C. § 2244(d)(2), is properly applied. See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir.1998).

Although his federal habeas petition reflects a filing date of July 1, 1997, a review of the file indicates that Mr. Conner's habeas petition, together with a transmittal letter were actually received by the district court on June 30, 1997, and filed a day later. See Memo from Pro Se Section to Intake Section dated June 30, 1997 (lodged in correspondence section of file). Moreover, Mr. Conner indicated that hid "pro se habeas petition was ... placed in the Penitentiary of New Mexico legal mailbox on June 26, 1997." R. doc. 16 at 2 (objections). The federal petition reflects that it was executed on June 26, 1997. R. Doc. 1. We have recognized that an inmate may rely upon the "mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), in filing a federal habeas petition; accordingly, Mr. Conner's federal petition was deemed filed as of the date he placed it in the prison's legal mail system. See Hoggro, 150 F.2d at 1226 n. 3.

However, Mr. Conner's federal petition is untimely even with the June 26, 1997 filing date. He may toll only tow days from the April 24, 1997 federal deadline--the day his state habeas petition was filed (March 24, 1997) and the day it was denied (March 25, 1997). See 28 U.S.C. § 2244(d)(2). He may not rely upon the time spent pursuing a writ of certiorari in the New Mexico Supreme Court because his certiorari petition, filed on May 2, 1997, was not filed within the requisite thirty day period from the state district court's March 25, 1997 denial of the petition. See N.M.R. Ann., N.M.R.App. P § 12- 501(B) (30-day period); Hoggro, 150 F.3d at 1226 n. 4.

A prerequisite for tolling the entire period from the filing of a state petition to the denial of a writ of certiorari by the state supreme court is a timely filed certiorari petition. See Barnett v. Lemaster, No. 98-2139, slip op. at 3-5 (10th Cir. Feb.. 9, 1999). Although the state supreme court indicated that it had considered the petition, it expressed no opinion on the petition's timeliness in its pro forma order. We have no indication that the New Mexico Supreme Court has adopted a "mailbox rule" for inmate certiorari petitions and would consider the petition timely; therefore, we must follow the language of the appropriate state rules and § 2244(d)(2) with its requirement of "properly filed" requests for postconviction relief.

**\*2** Accordingly, we DENY a certificate of appealability and DISMISS the appeal.

END OF DOCUMENT